STATE OF MISSOURI, Respondent, *vs.* WILLIAMSON, Appellant.

1. A. was indicted for an assault upon B. with intent to kill. A. had previously written an obscene letter about his own wife, the mother-in-law of B., out of which the affray originated, in which A. was first attacked. *Held,* this letter was inadmissible as evidence against A.

2. On a charge of assault with intent to kill, an instruction, which so defines the crime as to exclude all consideration whether the assault was committed under circumstances of provocation, or in self defence, is erroneous.

*Appeal from St. Louis Criminal Court.*

*Blennerhassett & Shreve,* for appellant.

1. The appellant insists that the court below erroneously admitted a letter, purporting to have been written by the defendant to a third person, in evidence before the jury. This letter formed no part of the case, and nothing in it was material to the trial of the defendant. It was calculated to prejudice the jury against the defendant, and was considered so revolting in its terms and character, that the jury retired to read it.

2. The first instruction given for the State by the court is erroneous. By the very language of this instruction, all defence is taken from the consideration of the jury, and they are authorized to find defendant guilty, if he shot with intent to kill, even though the witness, Dorsheimer, were attempting to take the life of the defendant, when the latter shot.

The last instruction asked by defendant, and refused, ought

to have been given. The court erred in refusing a new trial, upon the facts in this case and the law. The entire evidence shows a case of self-defence, and the party was convicted under excitement, the result of the admission of scandalous and irrelevant matter.

*Lackland,* for State.

The court did not err in admitting the letter in evidence. It was competent to show the position of the witness, Dorsheimer, to explain the reason why Dorsheimer went to the door to speak to defendant, and why Dorsheimer should tell him it was necessary for him to seek other lodgings.

The letter is shown to the defendant at the door, when and where a conversation is had concerning its contents. The difficulty originated in regard to the contents of the letter. The letter, therefore, and its contents, are a part of the *res gestæ.*

The court did not err in permitting the jury to retire into the jury room and there read the letter to themselves. The obscenity of its contents is a sufficient reason for the action of the court. The defendant consented that the jury might retire and read the letter to themselves. Admitting, for the sake of argument, that the letter was irrevelant, and for that reason was incompetent, this is no reason why a new trial should have been granted in this case.

The guilt of defendant, as charged in second count of the indictment, was clearly established by proof in the cause, other than the letter. " The mere admission of objectionable evidence will not be a sufficient cause for sending a case back for a new trial, when the evidence was sufficient to support the verdict, without the objectionable testimony." *Stephens* v. *Crawford,* 1 Kelly, 574, 580. *State* v. *Engle,* 1 Zabriskie, (N. J.) Rep. 347. *State* v. *Ford,* 3 Strobh. (S. C.) Rep. 517, 526, note.

There is no error in the instructions given. They put the jury in possession of the law applicable to the case. The instructions refused were bad and the court ought to have refused them.

The first and third instructions refused are wrong, for the reason that they assume that if defendant shot, while in a heat of passion, he must be acquitted. Malice is no ingredient of the offence charged in the second count of the indictment. If malice be wanting, the offence charged in the first count has not been committed, and so the court, in the instruction given, inform the jury.

*H. Dusenbury*, for State, cites Foster, 290, 291, 294. 1 Russell, 435 (note.) 1 Haw. P. C. c. 62, s. 1. Ros. Crim. Ev. 260. 2 Ld. Ray. 1498. 1 Hale, 453. 2 Stark. Ev. 517. 4 Black. Com. 185.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for an assault on one Lewis Dorsheimer, with intent to kill. The first count charges the assault to have been made feloniously and wilfully, on purpose and of malice aforethought, by shooting at him, the said Dorsheimer, with a pistol, with intent to kill him.

The second count charges the assault and the shooting to have been made feloniously and wilfully, with the intent wilfully and feloniously to kill said Dorsheimer.

The defendant plead not guilty. The jury found him guilty on the second count and fixed his punishment at two years imprisonment in the penitentiary. He moved for a new trial, and this motion being overruled, he excepted, and brings the case here by appeal.

The bill of exceptions preserves the instructions given and refused, and also the objections made to evidence, which was admitted against the defendant, as he thinks, improperly.

There was a fight between the defendant and Dorsheimer, which the latter commenced. In the fight, Dorsheimer got the defendant down on the pavement and choked him, until his tongue was out and his eyes stretched. When Dorsheimer let him go, he, Dorsheimer, was in the house, up stairs, and Williamson shot with a pistol at him, as he ran up the stairs, but did not hit him. It seems that Williamson had written a letter about his own wife, to one Mr. Mann; that Dorsheimer had married the daughter of Mrs. Williamson, by a former

husband ; that Mann had given this letter to Mrs. Williamson, and that, on the morning of the affray, Dorsheimer had received the letter from Mrs. Williamson and went to Williamson with it, and in this manner brought about the fight. The letter was exceedingly obscene and vulgar, and in every way unbecoming a husband and a man. The State offered to read this letter to the jury. It was objected to by defendant, as incompetent testimony. The State proved that the letter was in the handwriting of Williamson, and the court decided that it was competent evidence. This ruling of the court was excepted to.

After the decision of the court that the letter was competent and relevant testimony, the circuit attorney proposed to let the jury have the letter and retire to their room, and there read it. This was, under the circumstances, agreed to by the defendant, as the letter was not such as should be read in public.

1. We are of opinion, that the court should have rejected this letter as evidence. It had no relation to this prosecution, and was not a part of the *res gestæ*. Its tendency was, to prejudice the mind of the jury against the defendant, but could not assist them to form one idea either for or against the guilt or innocence of the accused, as regards the charge in this indictment. This letter had nothing to do with the assault with intent to kill, on the part of Williamson. But it might very quickly rouse the feelings of honorable and high-minded jurors to a degree of indignation against the defendant, nowise propitious to a calm investigation and correct conclusion upon his innocence or guilt. For this error, therefore, this case must be sent back.

2. The instructions given for the State have also been argued by defendant's counsel, as being improper and illegal. Some of these instructions are erroneous. The instructions do not put the case fairly before the jury. The first one given is wrong : " If the jury believe from the evidence, that the defendant, in St. Louis county, and within three years next

preceding the finding of this indictment, did commit an assault upon the person of Lewis Dorsheimer with a pistol, and did so assault, with the intent to take the life of Dorsheimer, you will find him guilty, as charged in the second count of the indictment."

This instruction takes from the jury all consideration in regard to provocation, or even self-defence.

Again, "If the jury believe defendant shot at Dorsheimer, with intent to kill him, the offence described in the second count is complete, and in such case, it is entirely immaterial whether the shot took effect or not." This is equally objectionable; it is not the law of this case. The court should have been more careful in properly informing the jury of the law arising on the facts in this proceeding. The instructions seem to have been drawn with too much haste on both sides.

The judgment of the Criminal Court is reversed and this case is remanded for further trial, on which the letter is not to be read nor received in evidence, and the instructions noted above not to be given. The other Judges concur herein.